JOHN HAYWOOD & another *vs.* J. M. DAVISON.

Worcester. October 3. — 4, 1879. ENDICOTT & LORD, JJ., absent.

If a piece of land owned by A. at his decease is divided by commissioners appointed
by the Probate Court into two parcels, and one parcel is set off to one heir
"together with all rights of way and travel enjoyed by A. in connection with
said premises," and the other parcel to another heir with a similar grant of
rights of way, such language, if it can be construed to include rights of way
over A.'s own land, is to be limited to definite ways actually used by A.

TORT for breaking and entering the plaintiffs' close in North-
bridge. The answer set up a right of way across the plaintiffs'
land, by necessity and by grant. Trial in the Superior Court,
without a jury, before *Dewey,* J., who found for the plaintiffs,
and reported the case for the determination of this court, in sub-
stance as follows:

The plaintiffs were the owners of the estate described in the
declaration, and the defendant was the owner of an adjoining
estate, and the defendant had driven his horse and carriage
across the plaintiffs' land to and from a barn on the defendant's
land. Samuel Fletcher formerly owned a large farm in North-
bridge, situated upon a highway, upon which he had erected
three tenement-houses. In 1858, he conveyed to his son and
wife all of his farm, excepting only the three tenement-houses
and land connected with the same, which tenements he continued
to own until his decease in 1866. After his death, commission-
ers were appointed by the Probate Court, to set off and divide
his estate among his heirs, and by the commissioners' report it
appears that the premises now owned and occupied by the plain-
tiffs were set off to one daughter, and the adjoining premises,
being the middle tenement-house above referred to, were set off
to another daughter, under whom the defendant holds. In the
report of the commissioners, the following language is used in
connection with the setting off to the latter daughter: "Together
with all water and other rights of way and travel enjoyed by
Samuel Fletcher in connection with said premises;" and in con-
nection with the setting off to the plaintiffs' grantor, the following
language: "With all the rights and privileges for water, &c.,
usually enjoyed by Samuel Fletcher." The commissioners make

no reservation in connection with the setting off, to either heir, but, at the close of their report, which also set off several other tracts of land to other heirs, the commissioners say, "In all cases, when we have set off to any of the persons before named a right to cross over or enjoy a right of way over any land which we have set off to any other heir, we intend to reserve said right of way in setting off land to said other heirs." No other language concerning rights of way or other easements is used in said report, in connection with the estates now owned by the plaintiffs and the defendant. The several deeds from the above heirs to their grantees contain the same language as in the report of the commissioners, but no reservation is made in either deed.

The tenants of the estate now owned by the defendant had been for many years in the habit of carting wood and other merchandise over the land now owned by the plaintiffs, Fletcher being then the owner of both estates. For many years while Fletcher was the owner of the whole of the farm, grocers' wagons and occasionally a light wagon passed without objection over the lot now owned by the plaintiffs to the lot now owned by the defendant. Both light and heavy wagons sometimes passed from the highway over Fletcher's land in front of the defendant's house to the rear thereof, and turned round upon the plaintiffs' lot without crossing it, and sometimes they were backed out and off of the defendant's lot. There was also evidence that wagons passed to the defendant's lot in other ways than over the land now owned by the plaintiffs. The barn, to and from which it was admitted that the defendant drove across the plaintiffs' land, was built after the defendant bought his lot, and there never was a barn there before.

The defendant asked the judge to rule, as matter of law, that a right of way existed by grant, authorizing the defendant to pass over the plaintiff's land as he had done. But the judge declined so to rule; ruled that the defendant had not such right of way by grant; and found on the evidence that there was no way of necessity. If the defendant had a right of way by grant, the finding was to be set aside, and judgment entered for the defendant; otherwise, judgment for the plaintiff.

*J. Hopkins*, for the defendant.

*G. F. Verry*, for the plaintiffs.

BY THE COURT. If the terms of the report of the commissioners could be construed, under any circumstances, so as to include ways actually used by the deceased over his own land, the evidence fell short of proving the use by him of any definite way. *Judgment for the plaintiffs.*